UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WFCM 2016-LC25 WEST BAY AREA BOULEVARD, LLC, <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM KORNBLUTH, <br><br> Defendant. | No. 21-cv-6479 <br><br> (Broderick, J.) |

**DECLARATION OF SCOTT FISHKIND IN SUPPORT OF WFCM 2016 LC25 WEST BAY AREA BOULEVARD, LLC's MOTION FOR SUMMARY JUDGMENT**

I, Scott Fishkind, declare as follows under penalty of perjury:

1. I am an Asset Manager with LNR Partners, LLC ("LNR"), the special servicer and attorney in fact for Wilmington Trust, National Trust, National Association, as Trustee for the Benefit of the Registered Holders of Wells Fargo Commercial Mortgage Trust 2016-LC25, Commercial Mortgage Pass-through Certificates, Series 2016-LC25 ("Trust"), the sole member of Lender.[1] In this capacity, I am familiar with the Guaranty and Loan Documents referenced below and William Kornbluth's ("Kornbluth") and Kornbluth Texas, LLC's ("Borrower") obligations under such documents.

2. I submit this declaration in support of WFCM 2016-LC25 West Bay Area Boulevard, LLC's Motion for Summary Judgment, filed contemporaneously herewith.

---

[1] Capitalized terms not defined herein shall have the meanings given to them in WFCM 2016-LC25 West Bay Area Boulevard, LLC's Motion for Summary Judgment, filed contemporaneously herewith.

3. Except as otherwise indicated, all facts set forth herein are based on my own personal knowledge or are known to me in my capacity as an Asset Manager of LNR. If called upon to testify, I would testify competently as to the facts set forth herein.

4. Borrower and Lender were parties to various loan documents evidencing Lender's secured interest in all of Borrower's property, including certain real property and related improvements described therein, commonly known as Holiday Inn Webster and located at 302 West Bay Area Boulevard, Webster, Texas 77598 (the "Holiday Inn") (collectively, the "Loan Documents"). The Loan Documents include, among others:

    a. That certain **Promissory Note** (the "Note") dated October 21, 2016, executed by Borrower, payable to the order of the Lender's predecessor, Rialto Mortgage Finance, LLC (the "Original Lender") in the original stated principal amount of Eight Million Three Hundred Fifty Thousand and No/100 Dollars ($8,350,000) (the "Loan"). A true and correct copy of the Note is attached hereto and incorporated by reference as **Exhibit 1**.

    b. That certain **Loan Agreement** (the "Loan Agreement") dated as of October 21, 2016, executed by and between the Borrower and the Original Lender. A true and correct copy of the Loan Agreement is attached hereto and incorporated by reference as **Exhibit 2**.

    c. That certain **Deed of Trust, Assignment of Leases and Rents and Security Agreement** (the "Deed of Trust") dated as of October 21, 2016, to Russ Toates, an individual, as trustee, for the benefit of the Original Lender. The Deed of Trust is recorded as instrument number RP-2016-481294 of the Official Public Records of Harris County, Texas (the "Records"). A true

and correct copy of the Deed of Trust is attached hereto and incorporated by reference as **Exhibit 3**.

d. That certain **Assignment of Leases and Rents** (the "ALR") dated as of October 21, 2016, executed by the Borrower for the benefit of the Original Lender. The ALR is recorded as instrument number RP-2016-481295 in the Records. A true and correct copy of the ALR is attached hereto and incorporated by reference as **Exhibit 4**.

e. Original Lender's security interest in the Collateral perfected by filing was perfected pursuant to that certain UCC Financing Statement (Form UCC1) filed on October 25, 2016, under Filing Number 16-0035155905, with the Secretary of State of the State of Texas (the "SOS-TX UCC 1"). A true and correct copy of SOS-TX UCC1 is attached hereto and incorporated by reference as **Exhibit 5**.

f. Original Lender's security interest in the Collateral constituting "fixtures" was also perfected pursuant to that certain UCC Financing Statement (Form UCC1) recorded on October 25, 2016, as Instrument Number RP-2016-481296, in the records (the "Harris County TX UCC 1"). A true and correct copy of Harris County TX UCC 1 is attached hereto and incorporated by reference as **Exhibit 6**.

5. In addition to the property securing the Loan, Original Lender was "not willing to make the Loan, or otherwise extend credit, to Borrower" without an "unconditional[] guarant[y] [of] payment and performance" from Kornbluth and a co-guarantor. Guaranty at 1. A true and correct copy of the Guaranty is attached hereto as **Exhibit 7**.

6. Subsequent to origination of the Loan, Original Lender, through a series of assignments, transferred and assigned its interest in the Loan Documents to Lender. That transfer is evidenced by:

    a. An Allonge to the Note from Original Lender to RMF Sub 1, LLC. A true and correct copy of this Allonge is attached hereto and incorporated by reference as **Exhibit 8**.

    b. The Assignment of Deed of Trust, Assignment of Leases and Rents and Security Agreement from Original Lender to RMF Sub 1, LLC, executed on and effective as of January 3, 2017, and recorded on March 21, 2017, as Instrument Number RP-2017-117834 in the Real Property Records of Harris County, Texas ("Records"). A true and correct copy of this Assignment is attached hereto and incorporated by reference as **Exhibit 9**.

    c. The Assignment of Assignment of Leases and Rents from Original Lender to RMF Sub 1, LLC, executed on and effective as of January 3, 2017, and recorded on March 21, 2017, as Instrument Number RP-2017-117835 in the Records. A true and correct copy of this Assignment is attached hereto and incorporated by reference as **Exhibit 10**.

    d. The UCC Financing Statement Amendment (Form UCC3) from Original Lender to RMF Sub 1, LLC, filed on March 20, 2017, under Filing Number 17-00093017, with the Secretary of State of the State of Texas. A true and correct copy of this UCC Financing Statement Amendment is attached hereto and incorporated by reference as **Exhibit 11**.

e.     The UCC Financing Statement Amendment (Form UCC3), filed on March 21, 2017, as Instrument Number RP-2017-117836, with the Secretary of State of the State of Texas. A true and correct copy of this UCC Financing Statement Amendment is attached hereto and incorporated by reference as **Exhibit 12**.

f.     An Allonge to the Note from RMF Sub 1, LLC to Original Lender. A true and correct copy of this Allonge is attached hereto and incorporated by reference as **Exhibit 13**.

g.     The Assignment of Deed of Trust, Assignment of Leases and Rents and Security Agreement from RMF Sub 1, LLC to Original Lender, executed on and effective as of January 3, 2017, and recorded on March 21, 2017, as Instrument Number RP-2017-117837 in the Records. A true and correct copy of this Assignment is attached hereto and incorporated by reference as **Exhibit 14**.

h.     The Assignment of Assignment of Leases and Rents from RMF Sub 1, LLC to Original Lender, executed on and effective as of January 3, 2017, and recorded on March 21, 2017, as Instrument Number RP-2017-117838 in the Records. A true and correct copy of this Assignment is attached hereto and incorporated by reference as **Exhibit 15**.

i.     The UCC Financing Statement Amendment (Form UCC3), filed on March 20, 2017, under Filing Number 17-00093022, with the Secretary of State of the State of Texas. A true and correct copy of this UCC Financing Statement Amendment is attached hereto and incorporated by reference as **Exhibit 16**.

j.      The UCC Financing Statement Amendment (Form UCC3), filed on March 21, 2017, as Instrument Number RP-2017-117839, with the Secretary of State of the State of Texas. A true and correct copy of this UCC Financing Statement Amendment is attached hereto and incorporated by reference as **Exhibit 17**.

k.      An Allonge to the Note from Original Lender to Wilmington Trust, National Association, as Trustee for the Benefit of the Registered Holders of Wells Fargo Commercial Mortgage Trust 2016-LC25, Commercial Mortgage Pass-through Certificates, Series 2016-LC25. A true and correct copy of this Allonge is attached hereto and incorporated by reference as **Exhibit 18**.

l.      The Assignment of Deed of Trust, Assignment of Leases and Rents and Security Agreement from Original Lender to Trust, executed on and effective as of January 3, 2017, and recorded on March 21, 2017, as Instrument Number RP-2017-117840 in the Records. A true and correct copy of this Assignment is attached hereto and incorporated by reference as **Exhibit 19**.

m.      The Assignment of Assignment of Leases and Rents from Original Lender to Trust, executed on and effective as of January 3, 2017, and recorded on March 21, 2017, as Instrument Number RP-2017-117841 in the Records. A true and correct copy of this Assignment is attached hereto and incorporated by reference as **Exhibit 20**.

n.      The UCC Financing Statement Amendment (Form UCC3), filed on March 20, 2017, under Filing Number 17-00093033, with the Secretary of State of

the State of Texas. A true and correct copy of this UCC Financing Statement Amendment is attached hereto and incorporated by reference as **Exhibit 21**.

o. The UCC Financing Statement Amendment (Form UCC3), filed on March 21, 2017, as Instrument Number RP-2017-117842, with the Secretary of State of the State of Texas. A true and correct copy of this UCC Financing Statement is attached hereto and incorporated by reference as **Exhibit 22**.

p. An Allonge to the Note from Trust to Lender. A true and correct copy of this Allonge is attached hereto and incorporated by reference as **Exhibit 23**.

q. The Assignment of Deed of Trust, Assignment of Leases and Rents and Security Agreement from Trust to Lender, executed on and effective as of June 25, 2021, and recorded on June 29, 2021, as Instrument Number RP-2021-362581 in the Records. A true and correct copy of this Assignment is attached hereto and incorporated by reference as **Exhibit 24**.

r. The Assignment of Assignment of Leases and Rents from Trust to Lender, executed on and effective as of June 25, 2021, and recorded on June 29, 2021, as Instrument Number RP-2021-362582 in the Records. A true and correct copy of this Assignment is attached hereto and incorporated by reference as **Exhibit 25**.

s. The UCC Financing Statement Amendment (Form UCC3), filed on June 28, 2021, as Instrument Number 21-00270238, with the Secretary of State of the State of Texas. A true and correct copy of this UCC Financing Statement is attached hereto and incorporated by reference as **Exhibit 26**.

    t.  The UCC Financing Statement Amendment (Form UCC3), recorded on June 29, 2021, as Instrument Number RP-2021-362583, in the Records. A true and correct copy of this UCC Financing Statement is attached hereto and incorporated by reference as **Exhibit 27**.

7. Lender's ownership of the Note and the other Loan Documents, including the Guaranty, and all claims arising therefrom are by virtue of the Assignment, which is a lawful assignment, of the Note and all of the other Loan Documents and claims (both in tort and in contract) by its predecessor in interest, including, but not limited to, Original Lender. Lender is in actual physical and lawful possession of the Note.

8. Borrower is a single-purpose entity whose only significant asset is the Holiday Inn.

9. The Note requires a monthly payment due on the sixth day of each calendar month up to and including November 6, 2026. Note art. 1; Loan Agreement § 2.2.2.

10. The Loan accrued simple interest at a rate of 5.00% per annum, and would mature on November 6, 2026. Loan Agreement §§ 2.2.1, 2.2.3; *id.* § 1.1.1 at 2-3. Borrower agreed to make monthly payments until the Loan matured, and a final lump sum payment on maturity. *Id.* §§ 2.2.2, 2.2.3.

11. The Note includes an acceleration provision which—if any payment required in the Note is not paid on the date when due—allows the Lender to accelerate and make immediately due and payable, *inter alia*, the principal sum of the Note, interest, default interest, and associated costs and expenses without notice. Note art. 2.

12. Borrower made timely payments as required by the Loan Documents for more than three years. A true and correct copy of Borrower's payment history as of July 31, 2021 is attached hereto as **Exhibit 28**.

13. Beginning in April 2020, Borrower began missing monthly payments and incurring late fees.

14. Borrower stopped making its Monthly Debt Service Payment Amount (as such term is defined in the Loan Documents) after December 2020.

15. Additionally, Borrower caused a UCC Financing Statement to be filed evidencing other indebtedness and the pledging and/or granting of liens against certain assets of Borrower to a purportedly secured party (U.S. Small Business Administration) other than Lender (the "UCC Financing Statement"). Filing of the UCC Financing Statement constitutes a breach of Borrower's covenants under the Loan Agreement to continue to be a Single Purpose Entity while any of the Debt remains unpaid, as it means that another party now has a security interest in property that was used by Borrower to secure the Loan. Filing of the UCC Financing Statement constitutes an unauthorized "Transfer" under Section 4.1.12(a) of the Loan Agreement. A true and correct copy of the UCC Financing Statement is attached hereto as **Exhibit 29**.

16. On or about April 23, 2021, Lender's predecessor-in-interest, through its special servicer, delivered to Borrower a demand for payment and notice of intent to accelerate (the "Notice of Default"). The Notice of Default iterated Borrower's defaults. A true and correct copy of the Notice of Default is attached hereto and incorporated by reference as **Exhibit 30**.

17. Borrower did not respond to the Notice of Default.

18. The Notice of Default also included a statement indicating to Borrower that "[u]nless all Current Defaults [as defined therein] are fully cured on or before 12:00 Noon, Dallas, Texas time on Friday, May 14, 2021" (the "Cure Period"), Lender "will accelerate the maturity of the Note and declare the unpaid principal balance, accrued and unpaid interest and all other amounts payable under the Loan Documents immediately due and payable in their entirety."

19. On or about June 7, 2021, counsel for Lender's predecessor-in-interest, on behalf of Lender's predecessor-in-interest, delivered to Borrower a notice of acceleration of debt (the "Notice of Acceleration"). The Notice of Acceleration, among other things, notified Borrower of certain current defaults and that Lender's predecessor-in-interest had accelerated the maturity of the Note pursuant to its rights under the Loan Documents. A true and correct copy of the Notice of Acceleration is attached hereto as **Exhibit 31**.

20. Borrower still has not paid the amounts owed under the Loan Documents.

21. On July 5, 2021, Borrower breached the Loan Agreement again by filing a voluntary petition under Chapter 11 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Southern District of Texas. A true and correct copy of Borrower's Voluntary Petition filed in *In re Kornbluth Texas, LLC*, No. 21-32261 (Bankr. S.D. Tex.), is attached hereto as **Exhibit 32.**

22. The July 5, 2021 bankruptcy filing, along with Borrower's earlier encumbrance of property that had been used to secure the Loan, made the amounts owed under the Loan Documents fully recourse to Borrower.

23. On July 30, 2021, Lender demanded that Kornbluth perform his obligations under the Guaranty by filing this action.

24. To date, Kornbluth has not paid any part of the Guaranteed Obligations owed under the Guaranty.

25. Based on the payments Borrower made before defaulting, the remaining outstanding principal totals $7,843,946.10.

26. As of July 1, 2021, the amount of outstanding interest due is $521,881.57. These amounts will continue to increase until the Debt is paid off.

27. Kornbluth owes a prepayment penalty (Loan Agreement § 2.3.3), defined as the present value of all future scheduled payments minus the outstanding principal amount (*id.* § 1.1.1, at 24), which, as of July 1, 2021, totals $1,554,986.89.

28. Kornbluth owes late fees of 5% of each of Borrower's missed payments (Loan Agreement § 2.2.4), which, as of July 1, 2021, totals $36,734.40.

Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct. Executed on October 6, 2021 in Montgomery County, Maryland.

*/s/ Scott Fishkind*
Scott Fishkind