# EXHIBIT 30



mwe.com

Mark Patterson
Attorney at Law
mpatterson@mwe.com
+1 214 295 8075

April 23, 2021

Kornbluth Texas, LLC
302 W. Bay Area Blvd.
Webster, Texas 77598
Attention: Cheryl Tyler

**VIA FED EX; CERTIFIED MAIL,
RETURN RECEIPT REQUESTED; AND
FACSIMILE: (281) 335-6723**

## DEMAND FOR PAYMENT AND NOTICE OF INTENT TO ACCELERATE

Re:    Matter:      Holiday Inn Webster
                       302 West Bay Area Boulevard
                       Webster, Texas 77598
   Loan Number:    M300571612
   Pool:             WFCM 2016-LC25

Dear Borrower:

This firm represents **WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE BENEFIT OF THE REGISTERED HOLDERS OF WELLS FARGO COMMERCIAL MORTGAGE TRUST 2016-LC25, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2016-LC25** ("**Holder**"), acting by and through its special servicer, LNR Partners, LLC ("**Servicer**"), in connection with the loan (the "**Loan**") evidenced by, inter alia, the documents and instruments described as follows:

     Promissory Note (the "**Note**"), dated as of October 21, 2016, executed by KORNBLUTH TEXAS, LLC, a Texas limited liability company ("**Borrower**"), payable to the order of RIALTO MORTGAGE FINANCE, LLC, a Delaware limited liability company ("**Original Lender**"), in the original stated principal amount of EIGHT MILLION THREE HUNDRED FIFTY THOUSAND AND NO/100 DOLLARS ($8,350,000.00); and

     Secured and/or evidenced by, among other documents, instruments and things, (i) that certain Deed of Trust, Assignment of Leases and Rents and Security Agreement (the "**Deed of Trust**"), dated as of October 21, 2016, executed by Borrower for the benefit of Original Lender, and covering the real and personal property more particularly described therein, commonly known as Holiday Inn Webster and described therein as being located at 302 Bay Area Boulevard, Webster, Texas (collectively, the "**Property**"), recorded on October 25, 2016, as Instrument Number RP-2016-481294, in the Official Public Records of Harris County, Texas (the "**Records**"); (ii) that certain Assignment of Leases and Rents (the "**Assignment**"), dated as of October 21, 2016, executed by Borrower for the benefit of Original Lender, recorded on October 25, 2016, as Instrument Number RP-2016-481295, in the Records; and (iii) that certain Loan Agreement (the "**Loan Agreement**"), dated as of October 25, 2016, executed by Borrower and Original Lender.



2501 North Harwood St Suite 1900   Dallas TX 75201   Tel +1 214 295 8000   Fax +1 972 232 3098

*US practice conducted through McDermott Will & Emery LLP.*

Kornbluth Texas, LLC
Attention: Cheryl Tyler
April 23, 2021
Page 2

>The Note, Deed of Trust, Assignment and Loan Agreement and all other documents and instruments securing and/or evidencing the Loan, as the same may have been amended, increased, renewed, extended, spread, consolidated, severed, restated or otherwise changed from time to time, are hereinafter, collectively, referred to as the "**Loan Documents**". All capitalized terms used herein and not otherwise defined herein shall have the meanings set forth in the Loan Agreement.

The Note and the liens and security interests of the Deed of Trust and all other Loan Documents were transferred and assigned to, and are currently held by, Holder.

This letter shall serve as notice to Borrower that Borrower is in default under the terms of the Note and other Loan Documents in that, among other things, Borrower has failed to make the Monthly Debt Service Payment Amounts that were due on the Payment Dates in December, 2020 and January through April, 2021 (herein, collectively, the "**Payment Defaults**").

Borrower is further advised that, from a search of the UCC records of the Secretary of State of Texas under Borrower's name, Holder has received a copy of a certain UCC Financing Statement that appears to have been filed on July 9, 2020. A copy of the UCC Financing Statement appears as **Annex A** attached hereto. Such UCC Financing Statement appears to evidence other indebtedness and the pledging and/or granting of liens against certain assets of Borrower to a purportedly secured party (U.S. Small Business Administration) other than Holder, and such would be prohibited and represent a breach of one or more of the covenants of Borrower under the Loan Documents, including, without limitation, as a "Single Purpose Entity" (as such term is defined in Schedule I of the Loan Agreement[1]). Further, the definition of "Lien" set forth in Section 1.1.1 of the Loan Agreement includes "any . . . security interest . . . on or affecting Borrower, the Property, any portion thereof or any direct or indirect interest therein, including, without limitation, . . . *the filing of any financing statement* . . ." (emphasis added). Such UCC Financing Statement would also, if unauthorized, represent a "Transfer" in breach of Section 4.1.12(a) of the Loan Agreement (i.e., "grant a Lien on . . . the Property") and, accordingly, an Event of Default pursuant to Section 7.1(iv) of the Loan Agreement[2]. Accordingly, and without

---

[1] See, e.g., subparagraph (aa) of Schedule I of the Loan Agreement: "has not pledged and will not pledge its assets for the benefit of any other Person." Even if the collateral description in Item 4 of the UCC Financing Statement was to describe other (or additional) "collateral", see also subparagraph (c) of Schedule I of the Loan Agreement that states that, as a Single Purpose Entity, Borrower "has not owned and will not own *any assets other than* (i) the Property, [or] (ii) such incidental Personal Property as may be necessary for the operation of the Property . . ." (emphasis added). The description in Item 4 of the UCC Financing Statement appears to cover "more than mere incidental Personal Property" and, moreover, overlaps the description of the "Property" set forth in the Deed of Trust as being the collateral securing, at least in part, repayment of the Loan. Finally, Section 7.1(iv) of the Loan Agreement states that any breach of, *inter alia*, Section 8.5 (Borrower's covenant to continue as a Single Purpose Entity) shall represent an Event of Default.

[2] Section 7.1(viii) also states that it shall be an Event of Default "if the Property becomes subject to any Lien other than a lien for local real estate taxes and assessments not then delinquent and such Lien shall remain

Kornbluth Texas, LLC
Attention: Cheryl Tyler
April 23, 2021
Page 3

waiving any rights or remedies whatsoever under the Loan Documents, Holder hereby demands copies of all agreements, as well as a detailed written explanation of the purposes and circumstances surrounding, and a detailed explanation of the purportedly pledged collateral, as evidenced by the attached UCC Financing Statement.

The foregoing is not meant to be an exhaustive list of all present defaults and/or Events of Default of Borrower under the Loan Documents. Other Events of Default, or uncured defaults, may also exist. These failures, as well as those referenced hereinabove (including, without limitation, the Payment Defaults), continue and have not been waived by Holder and are referred to herein, collectively, as the "**Current Defaults**". Borrower is further advised of Holder's continuing expectation that Borrower strictly comply with all of the terms and conditions of the Loan Documents and of Holder's intent that it will exercise its rights and remedies under the Loan Documents, including, without limitation, the remedies described in the following paragraph.

On behalf of Holder, demand is hereby made for the immediate cure of the Current Defaults. Borrower is hereby notified that, as a result of Borrower's failure to make its full payment of all amounts due and outstanding under the Loan Documents, the payments due for each have commenced accruing interest at the Default Rate as set forth in and calculated under the Note (and Loan Agreement), and each such payment shall continue to accrue interest at the Default Rate until such payments are received by Servicer. Unless all Current Defaults are fully cured on or before **12:00 Noon, Dallas, Texas time on Friday, May 14, 2021**, Holder **intends to and will accelerate the maturity of the Note and declare the unpaid principal balance, accrued and unpaid interest and all other amounts payable under the Loan Documents immediately due and payable in their entirety**. Borrower is hereby notified that it also owes any fees (including, without limitation, legal fees) and costs incurred by Holder in connection with the Current Defaults to the extent provided for in the Loan Documents and Holder reserves the right to collect such amounts (as well as interest at the Default Rate and all late payment charges calculated pursuant to Section 2.2.4 of the Loan Agreement ["**Late Payment Charges**"]) before the Current Defaults may be considered cured. In addition to the foregoing, unless all Current Defaults (and collection of all fees and costs, as well as interest due at the Default Rate, and all Late Payment Charges) are fully cured, Holder intends to exercise any or all of the remedies provided in the Loan Documents and/or at law or in equity, which remedies may include, without limitation: (1) commencing non-judicial foreclosure proceedings pursuant to the power of sale provisions under the Deed of Trust, (2) enforcing payment of the Note against Borrower and each other person or entity obligated therefor, to the extent the Note is not a non-recourse obligation or to the extent liability is not otherwise limited by contract, (3) exercising Holder's rights pursuant to Title 5, Chapter 64 of the Texas Property Code, as amended, and any

---

undischarged of record (by payment, bonding or otherwise) for a period of thirty (30) days after Borrower has first received notice thereof (except where such Lien is being contested by Borrower in accordance with Section 4.1.12 hereof);"

replacement statute with respect to the Leases and Rents (as each of the foregoing terms is defined in the Deed of Trust and Assignment), and (4) commencing an action for the immediate appointment of a receiver to, among other things, collect the Rents and other income from the Property. Borrower may obtain a statement of the amounts currently due and payable under the Loan Documents by contacting Mr. Scott Fishkind, Asset Manager, LNR Partners, LLC, 1601 Washington Avenue, Suite 700, Miami Beach, Florida 33139, telephone number (305) 695-5874, fax number (305) 695-5601 and e-mail address sfishkind@lnrpartners.com.

Payment to Holder in an amount less than the total sums due, or any other partial cure of the Current Defaults, should not be construed as an accord and satisfaction or as Holder's agreement to accept a lesser amount as payment in full of the total sums due or such partial cure. Holder's acceptance of any endorsement or statement on any check evidencing a payment or letter accompanying a payment may not be deemed to be an accord and satisfaction. Holder may accept any such payment or check without prejudice to its rights to receive the balance of all amounts due under the Loan Documents or to pursue any remedy thereunder or at law or in equity.

None of this notice, any past, prior or current discussions by Holder or its servicers (including Servicer) with Borrower or its representatives, Holder's acceptance of payment of less than the full amount due and payable nor any other partial cure of the Current Defaults under the Loan Documents, shall constitute (a) a waiver by Holder of any other default by Borrower under the Loan Documents, whether or not referred to herein or in any prior notice of default, (b) a waiver by Holder to collect any additional amounts or demand any other action to which Holder may be lawfully entitled pursuant to the terms of the Loan Documents or otherwise at law or in equity, (c) an election of remedies with respect to any such default by Holder, (d) a waiver, modification, relinquishment or forbearance by Holder of any right or remedy under the Loan Documents or at law or in equity, all of which are reserved by Holder, (e) a modification of any of the Loan Documents, (f) a reinstatement of the Loan, or (g) an agreement by Holder to continue discussions with Borrower or its counsel.

No modification of the Loan Documents and no other agreement or understanding of any nature shall be deemed to have been entered into by or be binding on Holder unless and until Holder has reached agreement on all issues, and such entire agreement shall have been reduced to a written document that expressly states that it modifies the Loan Documents and is duly executed by Holder, Borrower and any guarantor(s) of the Loan. Oral agreements, e-mails, memoranda of meetings, summaries of proposed terms, etc. shall have no effect whatsoever and shall not be binding on Holder.

No communication, written or oral, that Borrower has had or may have with Holder concerning the obligations evidenced or secured by the Loan Documents, including any concerning a modification or restructure of the Loan Documents or a forbearance in the exercise of any of Holder's remedies, in any way modifies this letter or constitutes consent to the non-payment or a waiver of any of the remedies described herein. There are currently no forbearance,

modification, renewal, extension or settlement agreements between Borrower and Holder with regard to the Loan or the Loan Documents, and all proposals made by Borrower to Holder relating to the foregoing are rejected.

The following language is set forth per requirement under Section 51.002(i) of the Texas Property Code, and applicable if debtor qualifies under such Section:

**ASSERT AND PROTECT YOUR RIGHTS AS A MEMBER OF THE ARMED FORCES OF THE UNITED STATES. If you are or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately.**

To the extent that any of Borrower's obligations have been discharged, dismissed, or are subject to an automatic stay of a bankruptcy order under Title 11 of the United States Code, this notice is for compliance and information purposes only, and does not constitute a demand for payment or any attempt to collect any such obligation. To the extent applicable, this notice is given pursuant to, and is intended to comply with, 11 U.S.C. § 362(b)(11). In addition, all of Holder's claims, demands and accruals with respect to the Loan Documents, whenever made, and whether for principal, interest or otherwise, are intended to comply in all respects, both independently and collectively, with all applicable usury laws, and are accordingly limited so that all applicable usury laws are not violated.

Very truly yours,

**MCDERMOTT WILL & EMERY LLP**

By: _____
Mark L. Patterson

cc: Scott Fishkind *(via email – sfishkind@lnrpartners.com)*
Massimo Fillichio *(via email – MFillichio@lnrpartners.com)*
Heather Olson *(via email – holson@starwood.com)*

**FOR INFORMATIONAL PURPOSES ONLY**

William Kornbluth, *Guarantor*  **VIA FED EX; AND CERTIFIED MAIL,**
57444 Bandera Road  **RETURN RECEIPT REQUESTED**
Yucca Valley, California 92284

Cheryl Tyler *Guarantor*  **VIA FED EX; AND CERTIFIED MAIL,**
302 W. Bay Area Boulevard  **RETURN RECEIPT REQUESTED**
Webster, Texas 77598

Garvey Schubert Barer  **VIA FED EX; CERTIFIED MAIL, RETURN**
121 SW Morrison, 11th Floor  **RECEIPT REQUESTED;**
Portland, Oregon 97204-3141  **AND FACSIMILE: (503) 226-0259**
Attention: Joseph W. West, Esq.

# ANNEX A

# UCC-1 FINANCING STATEMENT

**UCC FINANCING STATEMENT**
**FOLLOW INSTRUCTIONS**

| A. NAME & PHONE OF CONTACT AT FILER (optional) |
|---|
| CSC |
| B. E-MAIL CONTACT AT FILER (optional) |
| |
| C. SEND ACKNOWLEDGMENT TO: (Name and Address) |
| Corporation Service Company |
| 251 LITTLE FALLS DRIVE |
| Wilmington, DE 19808 |
| USA |

**FILING NUMBER:** 20-0034110203
**FILING DATE:** 07/09/2020   07:18 PM
**DOCUMENT NUMBER:** 982115490001
**FILED: Texas Secretary of State**
**IMAGE GENERATED ELECTRONICALLY FOR XML FILING**
THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME - Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| **Kornbluth Texas LLC** | | | | |
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| **302 W Bay Area Blvd** | **Webster** | **TX** | **77598** | **USA** |

2. DEBTOR'S NAME - Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| | | | | |
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY) - Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| **U.S. Small Business Administration** | | | | |
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| **10737 Gateway West, #300** | **El Paso** | **TX** | **79935** | **USA** |

4. COLLATERAL: This financing statement covers the following collateral:
All tangible and intangible personal property, including, but not limited to:
(a) inventory, (b) equipment, (c) instruments, including promissory notes (d) chattel paper, including tangible chattel paper and electronic chattel paper, (e) documents, (f) letter of credit rights, (g) accounts, including health-care insurance receivables and credit card receivables, (h) deposit accounts, (i) commercial tort claims, (j) general intangibles, including payment intangibles and software and (k) as-extracted collateral as such terms may from time to time be defined in the Uniform Commercial Code. The security interest Borrower grants includes all accessions, attachments, accessories, parts, supplies and replacements for the Collateral, all products, proceeds and collections thereof and all records and data relating thereto. 231807 8010

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative
6a. Check only if applicable and check only one box:     6b. Check only if applicable and check only one box.
☐ Public-Finance Transaction  ☐ Manufactured-Home Transaction  ☐ A Debtor is a Transmitting Utility     ☐ Agricultural Lien  ☐ Non-UCC Filing
7. ALTERNATIVE DESIGNATION (if applicable):  ☐ Lessee/Lessor  ☐ Consignee/Consignor  ☐ Seller/Buyer  ☐ Bailee/Bailor  ☐ Licensee/Licensor
8. OPTIONAL FILER REFERENCE DATA:
[191780208]

**FILING OFFICE COPY**