# EXHIBIT 31



mwe.com

Mark Patterson
Attorney at Law
mpatterson@mwe.com
+1 214 295 8075

June 7, 2021

| | |
|---|---|
| Kornbluth Texas, LLC<br>302 W. Bay Area Blvd.<br>Webster, Texas 77598<br>Attention: Cheryl Tyler | **VIA FED EX; CERTIFIED MAIL,<br>RETURN RECEIPT REQUESTED; AND<br><u>FACSIMILE: (281) 335-6723</u>** |

### ACCELERATION OF DEBT

Re: Matter: Holiday Inn Webster
302 West Bay Area Boulevard
Webster, Texas 77598
Loan Number: M300571612
Pool: WFCM 2016-LC25

Dear Borrower:

As previously communicated to you, this firm represents **WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE BENEFIT OF THE REGISTERED HOLDERS OF WELLS FARGO COMMERCIAL MORTGAGE TRUST 2016-LC25, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2016-LC25** ("**Holder**"), acting by and through its special servicer, LNR Partners, LLC ("**Servicer**"), in connection with the loan (the "**Loan**") evidenced by, <u>inter alia</u>, the documents and instruments described as follows:

    Promissory Note (the "**Note**"), dated as of October 21, 2016, executed by KORNBLUTH TEXAS, LLC, a Texas limited liability company ("**Borrower**"), payable to the order of RIALTO MORTGAGE FINANCE, LLC, a Delaware limited liability company ("**Original Lender**"), in the original stated principal amount of EIGHT MILLION THREE HUNDRED FIFTY THOUSAND AND NO/100 DOLLARS ($8,350,000.00); and

    Secured and/or evidenced by, among other documents, instruments and things, (i) that certain Deed of Trust, Assignment of Leases and Rents and Security Agreement (the "**Deed of Trust**"), dated as of October 21, 2016, executed by Borrower for the benefit of Original Lender, and covering the real and personal property more particularly described therein, commonly known as Holiday Inn Webster and described therein as being located at 302 Bay Area Boulevard, Webster, Texas (collectively, the "**Property**"), recorded on October 25, 2016, as Instrument Number RP-2016-481294, in the Official Public Records of Harris County, Texas (the "**Records**"); (ii) that certain Assignment of Leases and Rents (the "**Assignment**"), dated as of October 21, 2016, executed by Borrower for the benefit of Original Lender, recorded on October 25, 2016, as Instrument Number RP-



2016-481295, in the Records; and (iii) that certain Loan Agreement (the "**Loan Agreement**"), dated as of October 25, 2016, executed by Borrower and Original Lender.

The Note, Deed of Trust, Assignment and Loan Agreement and all other documents and instruments securing and/or evidencing the Loan, as the same may have been amended, increased, renewed, extended, spread, consolidated, severed, restated or otherwise changed from time to time, are hereinafter, collectively, referred to as the "**Loan Documents**". All capitalized terms used herein and not otherwise defined herein shall have the meanings set forth in the Loan Agreement.

The Note and the liens and security interests of the Deed of Trust and all other Loan Documents were transferred and assigned to, and are currently held by, Holder.

As you know, by letter to Borrower April 23, 2021 (the "**April 23 Notice of Default With Intent to Accelerate Letter**", Borrower was notified that it is in default under the terms of the Note and other Loan Documents in that, among other things, Borrower had failed to make the Monthly Debt Service Payment Amounts that were due on the Payment Dates in December, 2020 and January through April, 2021 (as defined therein, the "**Payment Defaults**"). Further, the April 23 Notice of Default With Intent to Accelerate Letter demanded payment of all such amounts then owing under the Note and the other Loan Documents, and Borrower was advised that if, by the date and time set forth therein, Borrower did not cure the Payment Defaults, Holder intended to and would accelerate the maturity of the Note and declare the unpaid principal balance, accrued and unpaid interest and all other amounts due and payable under the Loan Documents immediately due and payable in their entirety. Borrower was further advised that, in that event, Holder intended to exercise any and all of the remedies provided in the Loan Documents or at law or in equity. As of the date of this letter and according to the records of Holder and Servicer, Borrower has not cured the Payment Defaults and continues to be in default for, among other things, the failure to make payment of all sums due and payable under the Loan Documents. Moreover, Borrower is further notified that it has failed to make the Monthly Debt Service Payment Amount that was due on the Payment Date occurring in May 2021. The April 23 Notice of Default With Intent to Accelerate Letter also notified Borrower that a UCC Financing Statement had appeared to have been filed on July 9, 2020, and Holder made certain demands for documentation evidencing same. As of the date of this letter, such documentation has not been received. None of the defaults referenced in the foregoing is intended to be an exhaustive list of all present defaults of Borrower under the Loan Documents. Other Events of Default or uncured events of default may also exist. These failures, including, without limitation, the Payment Defaults, continue and have not been waived by Holder and are referred to herein, collectively with the Payment Defaults, as the "**Current Defaults**". Borrower is further advised of Holder's continuing expectation that Borrower strictly comply with all of the terms and conditions of the Loan Documents and of Holder's intent that it will exercise its rights and remedies under the Loan Documents, including, without limitation, the remedies described in the following paragraph.

Kornbluth Texas, LLC
Attention: Cheryl Tyler
June 7, 2021
Page 3

Accordingly, based on Borrower's continuing failure to cure the Payment Defaults, Holder, pursuant to its right under the Loan Documents, has accelerated the Note's maturity and hereby declares the entire indebtedness evidenced by the Loan Documents immediately due and payable. On behalf of Holder, this letter is formal notice to you of such acceleration and demand that Borrower pay immediately all of the outstanding principal and accrued and unpaid interest (including, without limitation, interest due at the Default Rate under the Note [as set forth in and calculated under the Note (and Loan Agreement)], in its entirety, together with all applicable charges (including, without limitation, all late payment charges as described in Section 2.2.4 of the Loan Agreement) and all costs, expenses and attorneys' fees incurred by Holder in connection with the collection of the indebtedness evidenced by the Note, and any other amounts lawfully due and payable under the terms of the Loan Documents.

In addition to the defaults referenced above, Holder has also become aware of the following:

**Pending suit under Cause No. 2018-76577/Court: 133 in the District Court of Harris County, Texas, styled Kornbluth Texas, LLC, Plaintiff and Sunny Capital Management, L.P., Wellsfargo Capital Management, L.L.C., Chao Chen, Jack Chen and Yueh Yun Chuang, Defendants**. This appears to be a breach of contract dispute filed by Borrower regarding the prior owner's failure to comply with a Property Improvement Plan (the "**PIP**") issued by Holiday Inn, which the prior owner agreed to do in an amended purchase and sale agreement for the Property. Borrower alleges that it had to complete the PIP at its expense. The petition further alleges that the prior owner received some revenues to which it was not entitled. Borrower's prayer includes damages and other relief. Holder hereby demands a full explanation and status of this lawsuit. Further, Holder requests Borrower's consent for Holder to communicate with Borrower's counsel regarding same. For avoidance of all doubt, Borrower is hereby put on notice that Borrower is not authorized to use any cash flow from the Property to fund this litigation and any such use without Holder's consent shall represent one or more defaults under the Loan Documents (and, potentially, recourse liability).

**Suit for non-payment of taxes District Court Cause No: 2020-69733 County/State: Harris County, Texas; Plaintiff: Harris County, Texas and Houston Sports Authority; Defendant: Kornbluth Texas, LLC d/b/a Holiday Inn Webster (original petition attached hereto as Annex A)**. This appears to be a lawsuit filed by Harris County, Texas, and Houston Sports Authority alleging Borrower's non-remittance of the County Hotel Occupancy Taxes due the Harris County Sports Authority and, as a result of such non-remittance, an application for temporary injunction and permanent injunctions. From a review of the docket (and the attached in **Annex A**), it appears a default judgment was entered in favor of Harris County. Although Harris County requested an injunction against Borrower that would, in effect, have shut-down Borrower's continued use and operation of the Property, the threat is definitely imminent and would, if so ordered by the judge, represent one or more defaults and/or Events of Default under

the Loan Documents.[1]  Nevertheless, failure to remit taxes is a breach of, *inter alia*, Section 4.1.2 of the Loan Agreement.[2]  Further, Borrower has breached Section 4.1.5 because it has failed to keep Holder informed of the lawsuit.[3]

As a result of such failures and as described in the April 23 Notice of Default With Intent to Accelerate Letter (and pursuant to its rights and remedies under the Loan Documents), Holder continues to reserve the right to exercise, in such order as Holder elects, one or more of the remedies available to Holder pursuant to the Loan Documents or otherwise at law or in equity (including, without limitation, commencing non-judicial foreclosure proceedings pursuant to the power of sale provisions under the Deed of Trust and actions for the immediate appointment of a receiver to, among other things, take over management and collect the income from the Property), and nothing contained in this letter shall constitute a waiver of any rights of Holder to pursue such rights and remedies.  Borrower is further advised that no past or future delay or omission in the exercise of any right or remedy to Holder as a result of any default is intended to constitute a waiver of any right or remedy to Holder as a result of that default or any other default.

Payment to Holder in an amount less than the total sums due, or any other partial cure of the Current Defaults, should not be construed as an accord and satisfaction or as Holder's agreement to accept a lesser amount as payment in full of the total sums due or such partial cure.  Holder's acceptance of any endorsement or statement on any check evidencing a payment or letter accompanying a payment may not be deemed to be an accord and satisfaction.  Holder may accept any such payment or check without prejudice to its rights to receive the balance of all

---

[1] For example, Section 4.1.1(a) of the Loan Agreement states that "(a) Borrower will continuously maintain its existence and its rights to do business in the State together with its franchises and trade names, and will keep in full force and effect all material licenses, permits and ***applicable governmental authorizations necessary*** for the ***continued use and operation of the Property***" (emphasis added).

[2] Section 4.1.2 of the Loan Agreement states, in part, "Borrower shall pay all Taxes and Other Charges now or hereafter levied or assessed or imposed against the Property or any part thereof as the same shall become due and payable (provided, however, Borrower's obligation to directly pay Taxes shall be suspended for so long as Borrower complies with the terms and provisions of Section 6.3)." Section 7.1.(ii) of the Loan Agreement states that it shall be an Event of Default "if any of the Taxes or Other Charges is not paid prior to the date the same becomes delinquent except to the extent sums sufficient to pay such Taxes and Other Charges have been deposited with [Holder] in accordance with the terms of this Agreement".  No such deposits were made to Holder and Borrower has not complied with Section 6.3 of the Loan Agreement (re cash management).

[3] Section 4.1.5 of the Loan Agreement states, in part, that "Borrower shall give prompt notice to [Holder] of any litigation . . . pending or threatened in writing against the Property, Borrower . . if, adversely determined, is reasonably likely to have a Material Adverse Effect."  The definition of "Material Adverse Effect" in Section 1.1.1 of the Loan Agreements includes "any material adverse effect upon (i) the business, operations, economic performance, assets, condition (financial or otherwise) . . . of Borrower . . or the Property, (ii) the ability of Borrower . . to perform its obligations under any Loan Document to which it is a party . . or (iv) the value, use or operation of the Property or the cash flows from the Property." The threat of an injunction where Borrower could not legally operate the hotel satisfies the definition of Material Adverse Effect.

amounts due under the Loan Documents or to pursue any remedy thereunder or at law or in equity.

None of this notice, any past, prior or current discussions by Holder or its servicers (including Servicer) with Borrower or its representatives, Holder's acceptance of payment of less than the full amount due and payable nor any other partial cure of the Current Defaults under the Loan Documents, shall constitute (a) a waiver by Holder of any other default by Borrower under the Loan Documents, whether or not referred to herein or in any prior notice of default, (b) a waiver by Holder to collect any additional amounts or demand any other action to which Holder may be lawfully entitled pursuant to the terms of the Loan Documents or otherwise at law or in equity, (c) an election of remedies with respect to any such default by Holder, (d) a waiver, modification, relinquishment or forbearance by Holder of any right or remedy under the Loan Documents or at law or in equity, all of which are reserved by Holder, (e) a modification of any of the Loan Documents, (f) a reinstatement of the Loan, or (g) an agreement by Holder to continue discussions with Borrower or its counsel.

No modification of the Loan Documents and no other agreement or understanding of any nature shall be deemed to have been entered into by or be binding on Holder unless and until Holder has reached agreement on all issues, and such entire agreement shall have been reduced to a written document that expressly states that it modifies the Loan Documents and is duly executed by Holder, Borrower and any guarantor(s) of the Loan. Oral agreements, e-mails, memoranda of meetings, summaries of proposed terms, etc. shall have no effect whatsoever and shall not be binding on Holder.

No communication, written or oral, that Borrower has had or may have with Holder concerning the obligations evidenced or secured by the Loan Documents, including any concerning a modification or restructure of the Loan Documents or a forbearance in the exercise of any of Holder's remedies, in any way modifies this letter or constitutes consent to the non-payment or a waiver of any of the remedies described herein. There are currently no forbearance, modification, renewal, extension or settlement agreements between Borrower and Holder with regard to the Loan or the Loan Documents, and all proposals made by Borrower to Holder relating to the foregoing are rejected.

The following language is set forth per requirement under Section 51.002(i) of the Texas Property Code, and applicable if debtor qualifies under such Section:

**ASSERT AND PROTECT YOUR RIGHTS AS A MEMBER OF THE ARMED FORCES OF THE UNITED STATES. If you are or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately.**

Kornbluth Texas, LLC
Attention: Cheryl Tyler
June 7, 2021
Page 6

To the extent that any of Borrower's obligations have been discharged, dismissed, or are subject to an automatic stay of a bankruptcy order under Title 11 of the United States Code, this notice is for compliance and information purposes only, and does not constitute a demand for payment or any attempt to collect any such obligation. To the extent applicable, this notice is given pursuant to, and is intended to comply with, 11 U.S.C. § 362(b)(11). In addition, all of Holder's claims, demands and accruals with respect to the Loan Documents, whenever made, and whether for principal, interest or otherwise, are intended to comply in all respects, both independently and collectively, with all applicable usury laws, and are accordingly limited so that all applicable usury laws are not violated.

Very truly yours,

**MCDERMOTT WILL & EMERY LLP**

By: _____
Mark L. Patterson


cc: Scott Fishkind *(via email – sfishkind@lnrpartners.com)*
Massimo Fillichio *(via email – MFillichio@lnrpartners.com)*
Heather Olson *(via email – holson@starwood.com)*

**FOR INFORMATIONAL PURPOSES ONLY**

| | |
|---|---|
| William Kornbluth, *Guarantor* <br> 57444 Bandera Road <br> Yucca Valley, California 92284 | **VIA FED EX; AND CERTIFIED MAIL,** <br> **RETURN RECEIPT REQUESTED** |
| Cheryl Tyler *Guarantor* <br> 302 W. Bay Area Boulevard <br> Webster, Texas 77598 | **VIA FED EX; AND CERTIFIED MAIL,** <br> **RETURN RECEIPT REQUESTED** |
| Garvey Schubert Barer <br> 121 SW Morrison, 11th Floor <br> Portland, Oregon 97204-3141 <br> Attention: Joseph W. West, Esq. | **VIA FED EX; CERTIFIED MAIL, RETURN** <br> **RECEIPT REQUESTED;** <br> **AND FACSIMILE: (503) 226-0259** |

# ANNEX A

10/29/2020 4:02 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 47656099
By: Joshua Hall
Filed: 10/29/2020 4:02 PM

## 2020-69733 / Court: 269

### CAUSE NO.

| | | |
|---|---|---|
| HARRIS COUNTY, TEXAS § | | IN THE DISTRICT COURT |
| AND § | | |
| HOUSTON SPORTS AUTHORITY § | | |
| § | | |
| V. § | | OF HARRIS COUNTY, TEXAS |
| § | | |
| § | | |
| KORNBLUTH TEXAS, LLC § | | |
| DBA § | | |
| HOLIDAY INN WEBSTER § | | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR TEMPORARY AND PERMANENT INJUNCTIONS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Harris County, Texas ("County") and Harris County Houston Sports Authority ("Sports Authority") (collectively "Plaintiffs"), Plaintiffs in the above-styled and numbered cause, by and through its attorney and files this petition and request for injunctive relief, complaining of Kornbluth Texas, LLC DBA Holiday Inn Webster, ("Defendant(s)"), and in support thereof, would respectfully show the Court the following:

### I. PARTIES

1. Plaintiffs intend to conduct discovery under Level II of Rule 190 of the Texas Rules of Civil Procedure.

2. Plaintiff, Harris County, Texas is a Texas political subdivision of the State of Texas and is authorized to bring this action by virtue of authority granted under Texas Tax Code §352.004(d).

3. Plaintiff, Sports Authority, is a sports and community venue district located in Houston, Harris County, Texas and is authorized to bring this action by virtue of authority granted under Texas local Government Code §334.254, §334.253(b).

4. Defendant(s), Kornbluth Texas, LLC is a Domestic Limited Liability Company (LLC) doing business as Holiday Inn Webster. Kornbluth Texas, LLC may be served with process by serving its Registered

Page 3 of 14

Agent, Cheryl Mae Tyler, at its registered office in Harris, County at 302 W. Bay Area Boulevard, Webster, Texas 77598. In the alternative, if its Registered Agent/owner cannot with reasonable diligence be found at the registered office, process may be issued and served upon the Secretary of State of Texas, Austin, Travis County, Texas, in accordance with the Texas Organizations Code, Articles 5.251 - .252.

## II. JURISDICTION AND VENUE

5. Venue is proper in Harris County, Texas pursuant to §15.001 of the Texas Civil Practices and Remedies Code.

6. This Court has subject-matter jurisdiction pursuant to §8 of the Texas Constitution.

## III. CAUSE OF ACTION #1—COLLECTION OF TAX

7. Defendant(s) own(ed), operate(d) manage(d) and/or control(led) hotel/motel, Establishment, known as Holiday Inn Webster, located at 302 W. Bay Area Boulevard, Webster, Texas 77598.

8. Under Chapter 352 of the Texas Tax Code, the Plaintiffs have adopted an order and or resolution that imposes a tax on a person who which inter alia, levies tax ("Tax") upon the cost of occupancy of sleeping rooms furnished by any hotel, provides for the collection of the Tax imposed and for the filing of Tax reports.

9. Texas Tax Code §352.004(a) and section 4(A) of the Sports Authority Resolution requires the owner or operator of a hotel to report and send the taxes collected under Ch. 352 to the County as provided by the resolution or order imposing the tax.

10. Under the Order and Resolution, Defendant(s) is/are liable for the collection and payment of Taxes and the filing of Tax reports for the Establishment. Further, the Tax reports and payments are due on a quarterly basis on the last day of the month following each quarterly period for collections in the preceding quarter.

11. Certified Tax Statement shows that hotel occupancy taxes, penalties, and interest are owed for *See Certified Tax Statement accompanied by Business Record Affidavit, Exhibit A*. Said certified amount remains due and unpaid despite demand therefore.

## IV. CAUSE OF ACTION #2—TEMPORARY INJUNCTION

Page **4** of **14**

12. Section 352.004 of the Texas Tax Code authorizes a suit to enjoin a person who is obligated to collect a hotel establishment until the Tax report is filed and/or until the Tax is paid.

13. The injunctive relief requested is expressly authorized by statue where the Defendant(s) has failed to file Tax reports and/or pay the Taxes due.

14. As a direct and proximate result of Defendant's conduct, the Plaintiffs have suffered harm.

15. Plaintiffs requests the Court, pending resolution of the merits of this cause, to enter a temporary injunction, after notice and an opportunity for hearing, enjoining Defendant(s), together with their operators, agents, servants, successors, assigns and those persons in active concert with them, from operating the Establishment until such time as all delinquent Tax reports are filed with Plaintiffs and all delinquent Taxes, penalties and interest are paid.

16. Plaintiffs requests the Court, upon final hearing hereof, to make permanent the temporary injunction prayed for above.

17. Pursuant to §6.001 of the Civil Practice and Remedies Code, Plaintiffs are not required to post bond.

### V. ATTORNEY'S FEES

19. In addition to Taxes, penalties and interests due, Plaintiffs seek recovery of court costs and its reasonable attorney's fees. As a direct result of Defendant's delinquent hotel occupancy tax, penalties, and interests as set forth herein, Plaintiffs, were caused to incur reasonable expenses of not less than **$2,500.00** for legal work and investigation in preparation for the enforcement of the statutory provisions requiring the filing and payment by Defendant(s) of the Hotel Occupancy Tax Reports. Plaintiffs are entitled to recover reasonable attorney fees, investigative and court costs incurred on behalf of the county as set forth in §113.902 Local Government Code.

### VI. PRAYER

FOR THESE REASONS, Plaintiffs respectfully pray that this Court order the following:

1) That citation and precept be issued, that Defendant(s) be cited to appear, answer, and show cause why a temporary injunction should not issue;

2) That after notice and hearing, the Court issues a temporary injunction;

3) That upon final hearing, the Court makes permanent the temporary injunction prayed for above;

4) That the Court award Plaintiffs recovery of Taxes due, statutory penalties and interest, and costs;

5) That after final trial of this cause, Plaintiffs has judgment against Defendant(s) for the payment of tax, penalties, and interest that are now or may become legally due and owing, for costs of suit, for reasonable attorney's fees of not less than **$2,500.00**, and for such other and further relief, at law or in equity, specific and general, as the Court may deem just.

Respectfully submitted,

*[signature]*

Mimi Van Han
Assistant County Attorney
State Bar No. : 24043711
1019 Congress, 15th Floor
Houston, Texas 77002
(713) 274-5180 (telephone)
(713) 755-8848 (facsimile)
Mimi.Han@cao.HCTX.net

3/31/2021 4:48:27 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 52031533
By: ABDUL-BARI, FATIMAH
Filed: 3/31/2021 4:48:27 PM

CAUSE NO. 2020-69733

| | | |
|---|---|---|
| HARRIS COUNTY, TEXAS | § | IN THE DISTRICT COURT |
| AND | § | |
| HOUSTON SPORTS AUTHORITY | § | |
| | § | |
| V. | § | OF HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| KORNBLUTH TEXAS, LLC | § | |
| DBA | § | |
| HOLIDAY INN WEBSTER | § | 269TH JUDICIAL DISTRICT |

**DEFAULT JUDGMENT AS TO KORNBLUTH TEXAS, LLC DBA HOLIDAY INN WEBSTER**

BE IT REMEMBERED, that on this day came on to be heard the above entitled and numbered cause, wherein **HARRIS COUNTY, TEXAS AND HOUSTON SPORTS AUTHORITY** are the Plaintiffs and **KORNBLUTH TEXAS, LLC DBA HOLIDAY INN WEBSTER,** is the Defendant. The Plaintiffs appeared by and through its attorney of record and announced ready for trial. Defendant, **KORNBLUTH TEXAS, LLC DBA HOLIDAY INN WEBSTER,** although having been duly and legally served with citation which has been returned to the clerk where it remained on file for the time required by law, failed to appear or answer herein, and wholly made default.

WHEREAS, **KORNBLUTH TEXAS, LLC DBA HOLIDAY INN WEBSTER** (Defendant), owned and/or operated that certain hotel known as "Holiday inn Webster", located at 302 W Bay Area Boulevard, Houston, Texas 77070 (Establishment).

Legal Description: **RES C BLK 1**
**ONE BAY AREA PLAZA**

HCAD No: **1297070010003**

Tax Account No: **10100084300**

Harris County Attorney's Office Case No. : **20-524949-HOT**

The Court, finding that it has jurisdiction of the parties and subject matter, has read the pleadings, the papers on file, and the evidence, and is of the opinion that the allegations of the Plaintiff's petition have been admitted and that the cause of action is liquidated and proved by

instruments in writing, copies of which are attached to Plaintiff's Original Petition and Application for Temporary and Permanent Injunctions, and copies thereof are attached hereto and incorporated herein for all purposes as set forth in full as Exhibit "B".

The Court further finds that the Defendant is now indebted to the Plaintiff, **HARRIS COUNTY, TEXAS AND HOUSTON SPORTS AUTHORITY,** in the sum of **$33,276.46**, by law is due and owing to the Plaintiff, as attached hereto as Exhibit "A".

**IT IS THEREFORE, ORDERED, ADJUDGED, AND DECREED** that **HARRIS COUNTY, TEXAS AND HOUSTON SPORTS AUTHORITY,** Plaintiff, have and recover of and from **KORNBLUTH TEXAS, LLC DBA HOLIDAY INN WEBSTER,** the sum of **$33,276.46**, which includes the County Hotel Occupancy Tax, penalties, and interest shown in the certified certificate to Plaintiff's petition with post-judgment interest thereon at the rate of five percent (5%); per annum from the date of this judgment until paid; attorney's fees in the amount of **$2,750.00** with post-judgment interest thereon at the rate of five percent (5%) per annum from the date of this judgment until paid; the sum of **$363.25** of court costs, with post-judgment interest thereon at the rate of five percent (5%) per annum from the date of this judgment until paid; and all other taxable costs of court with post-judgment interest thereon at the rate of five percent (5%) per annum from the date of this judgment until paid.

The Plaintiff is granted such writs and process as may be necessary in the enforcement and collection of this judgment. All relief not expressly granted herein is denied.

SIGNED this the _____ day of _____, 2021.

Signed:
5/7/2021
5:09 PM

**JUDGE PRESIDING**