UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                :
WFCM 2016-LC25 WEST BAY AREA  :
BOULEVARD, LLC,                   :
                :
             Plaintiff,       :      21-CV-6479 (VSB)
                :
     - against -                :
                :
WILLIAM KORNBLUTH,            :
                :
             Defendant.  :
------------------------------------------------------------X
                :
WFCM 2016-LC25 WEST BAY AREA  :
BOULEVARD, LLC,                   :
                :
             Plaintiff,       :      21-CV-8865 (VSB)
                :
     - against -                :          **ORDER**
                :
CHERYL TYLER,                   :
                :
             Defendants.  :
------------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

       These two actions were brought by the same Plaintiff for breach of the same financial guaranty. In both actions, Plaintiff seeks the same amount of recovery for failure to pay obligations on the guaranty.

       Federal Rule of Civil Procedure 42 allows for consolidation, a "valuable and important tool of judicial administration." *Consorti v. Armstrong World Indus., Inc.*, 72 F.3d 1003, 1006 (2d Cir. 1995), *vacated on other grounds*, 518 U.S. 1031 (1996). Under Rule 42(a), when separate actions before a court involve a common question of law or fact, a court is empowered

to "consolidate the actions."  Fed. R. Civ. P. 42(a)(2).  Essentially, Rule 42 is "invoked to expedite trial and eliminate unnecessary repetition and confusion," *Devlin v. Transp. Commc'n Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999) (internal quotation marks omitted), and it vests a district court with broad discretion to consolidate actions, even to do so sua sponte, *see id.*  If judicial resources will be conserved thereby advancing judicial economy, a district court will generally consolidate actions.  *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990) ("[C]ourts have taken the view that considerations of judicial economy favor consolidation."); *Bank of Montreal v. Eagle Assocs.*, 117 F.R.D. 530, 532 (S.D.N.Y. 1987) ("Considerations of judicial economy strongly favor simultaneous resolution of all claims growing out of one event." (internal quotation marks omitted)).

Here, consolidation appears to be warranted, because, as discussed, Plaintiff seeks to hold two parties liable for the same obligation owed under the same guaranty.  Accordingly, it is hereby ORDERED that, by December 10, 2021, the parties are to meet and confer regarding the consolidation of these actions and file a joint letter explaining their respective positions on consolidation.  If the parties do not object to consolidation, they may simply indicate that in their joint letter.

SO ORDERED.

Dated: November 12, 2021
    New York, New York

                                              Vernon S. Broderick
                                              United States District Judge